John Dan Bumphus, Jr., pro se
221 South Myrtle
Edwardsville, Illinois 62025-1510
(480) 232-3350
sensa357@yahoo.com

UNITED STATES FEDERAL DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DAN BUMPHUS, JR., PRO SE,<br><br>Plaintiff,<br><br>vs.<br><br>UNIQUE PERSONNEL CONSULTANTS, KRISTA FINDLAY, JENNIFER KATHERINE YATES-WELLER, OF HENNESSY AND ROACH, P.C., HENNESSY AND ROACH, P.C., ANDREW G. TOENNIES, AND SYNERGY COVERAGE SOLUTIONS L.L.C.<br><br>Defendants | Case No.: 16-312-SMY-DGW<br><br>FIRST EMPLOYMENT DISCRIMINATION COMPLAINT FOR DAMAGES UNDER TITLE VII, THE AMERICANS WITH DISABILITIES ACT, THE GENETIC INFORMATION NONDISCRIMINATION ACT, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, UNLAWFUL DISCHARGE FROM EMPLOYMENT, RETALIATION, AND THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |

**EMPLOYMENT**

**DISCRIMINATION COMPLAINT**

Plaintiff brings a complaint against UniQue Personnel Consultants, Inc., Krista Findlay, Jennifer Katherine Yates-Weller, of Hennessy & Roach, P.C., Hennessy & Roach, P.C., Andrew G. Toennies, and Synergy Coverage Solutions, L.L.C., for discrimination as set forth below.

Plaintiff DOES NOT demand a jury trial.

**I. PARTIES**

Name and Address of Plaintiff:

1. Plaintiff John Dan Bumphus, Jr., resides at 221 South Myrtle, Edwardsville, Illinois, 62025-1510.

Name and Address of Defendants:

1. Defendant UniQue Personnel Consultants Inc.'s, corporate address is 217 W. Clay, Troy, IL, 62294-1162.

2. Defendant Krista Findlay is the Human Resources Manager/office agent for UniQue Personnel Consultants Inc.'s Glen Carbon, Illinois, office at 19 Junction Dr., Glen Carbon, Illinois 62034.

3. Defendant Jennifer Katherine Yates-Weller is a partner and associate attorney at the law firm of Hennessy & Roach, P.C., with her branch office located at 415 North 10th Street, Suite 200, St. Louis, MO 63101.

4. Defendant Hennessy & Roach, P.C., is a seven-office multistate law firm with its main corporate office located at 140 S. Dearborn, 7th Floor, Chicago, IL 60603.

5. Defendant Attorney Andrew G. Toennies is an associate attorney working with the law firm of Lashly & Baer, P.C., 714 Locust. St. Louis, Missouri 63101.

6. Defendant Synergy Coverage Solutions, L.L.C., is a Workers' Compensation Insurance entity with their main office located at 217 South Tryon Street, Charlotte, NC 28202.

The plaintiff was employed, but is no longer employed by the defendant UniQue Personnel Consultants, Inc. The alleged discrimination began on or about July 13, 2015.

## II. JURISDICTION

1. Jurisdiction over this claim is based on 28 U.S.C. Section 1331. Plaintiff alleges that the defendants discriminated against Plaintiff because of Plaintiff's:

   **Race** (Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. Section 2000e-5)

   **Age** (The Age Discrimination in Employment Act, 29 U.S.C. Section 621)

   **Disability** (The Americans with Disabilities Act, 42 U.S.C. Section 12101)

   **Genetic Information** (Genetic Information Nondiscrimination Act, Pub. L. 110-233, 122 Stat. 881, enacted May 21, 2008)

2. Plaintiff has filed a joint charge before the United States Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR) relating to this claim of employment discrimination.

3. Plaintiff's Right to Sue Notice from the EEOC was received on or about December 23, 2015.

## III. STATEMENT OF LEGAL CLAIM

Plaintiff is entitled to relief in this action because:

FIRST EMPLOYMENT DISCRIMINATION COMPLAINT FOR DAMAGES UNDER TITLE VII, THE AMERICANS WITH DISABILITIES ACT, THE GENETIC INFORMATION NONDISCRIMINATION ACT, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, UNLAWFUL DISCHARGE FROM EMPLOYMENT, RETALIATION, AND THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - 2

1.  My name is John Dan Bumphus, Jr.

2.  My address is 221 S. Myrtle, Edwardsville, Illinois, 62025-1510.

3.  My phone number is (480) 232-3350.

4.  I am 61 year-old, disabled, African-American male.

5.  From June 21, 2015 to July 2, 2015, I worked full time in a third shift position for the Defendant UniQue Personnel Consultants as an operator on the Production Wiring Rework Tables, at the YAZAKI Warehouse in Edwardsville, Illinois.

6.  From July 5, 2015, through July 10, 2015, I was promoted, and began working full time in a third shift position for the Defendant UniQue Personnel Consultants as a lead product coordinator, or "LPC", entrusted in the immediate overview of running a rework table, at the YAZAKI Warehouse in Edwardsville, Illinois.

7.  From July 13, 2015, through July 16, 2015, I worked full time in a second shift position for the Defendant UniQue Personnel Consultants as a lead product coordinator, or "LPC", entrusted in the immediate overview of running one to three rework tables, at the YAZAKI Warehouse in Edwardsville, Illinois.

8.  Years before and during my June 11, 2015, initial interview for employment at Defendant UniQue Personnel Consultants, of Glen Carbon, Illinois, I had been officially designated and acknowledged, by way of the Social Security Administration, to be a disabled person living with the history of having had the generalized anxiety disorder psychological symptoms of a Post-Traumatic Stress Disorder (PTSD). As of January 20, 2015, it was noted in my Axis III Diagnosis, by my treating psychiatrist Mirza Baig, M.D., of Centerstone, in Alton, Illinois, that the acute medical conditions and physical disorders I live with, which might impact on my psyche, include mild obesity, sleep apnea, heart attack, ruptured aorta, hypertension, spinal stenosis, hernia surgery on the right side, and problems with my kidney function.

9.  On July 14, 2015, while working as a second shift LPC, I received a reasonable accommodation by telephone from Defendant Krista Findlay the Human Resources Manager/office agent for Defendant UniQue Personnel Consultants' Glen Carbon, Illinois, office regarding an unscheduled overtime assignment which consisted of  a forced repeat performance of a Production Wiring Rework Table operator

FIRST EMPLOYMENT DISCRIMINATION COMPLAINT FOR DAMAGES UNDER TITLE VII, THE AMERICANS WITH DISABILITIES ACT, THE GENETIC INFORMATION NONDISCRIMINATION ACT, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, UNLAWFUL DISCHARGE FROM EMPLOYMENT, RETALIATION, AND THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - 3

task, of the loading of a large, and somewhat awkward, car component into the designated crates, due to the fact that I have a rod and two pins in my lower back, from a 2006 spinal fusion surgery, and the bending, straining, and lifting was causing discomfort to my back at the point which I perceived to be the (L4-5) point of that surgery.

10. On July 17, 2015, Defendant Krista Findlay the Human Resources Manager/office agent for Defendant UniQue Personnel Consultants' Glen Carbon, Illinois, office, abruptly rescinded, without explanation, the aforementioned reasonable accommodation granted to me three days earlier. I, at that time presented Defendant Krista Findlay with personal and private medical documentation which I had obtained that morning from my primary care physician, David Yablonsky, D.O., of Associated Physicians Group, in Maryville, Illinois, in an effort to point out for her the "anterior and posterior fusion instrumentation" within my L4-5 vertebrae, along with presenting her a copy of my 2014 book "Necessary Candor", wherein I underlined and discussed with her the passages in pages 80 & 81 which acknowledged my ongoing psychological treatment, as a disabled employee, for having had the generalized anxiety disorder psychological symptoms of a Post-Traumatic Stress Disorder (PTSD). Nevertheless, Defendant Krista Findlay thereby unlawfully dismissed me from employment with Defendant UniQue Personnel Consultants, Inc., due to my reasonable accommodation request, with the caveat that unless I present to her, a signed physician's statement, "on their office stationary", which medically substantiated my back-pain claims, my complaints "cannot be officially considered by corporate".

11. On July 23, 2015, I presented, to Defendant Krista Findlay the Human Resources Manager/office agent for Defendant UniQue Personnel Consultants' Glen Carbon, Illinois, a signed and written statement from Associated Physician's Group in Edwardsville, IL, which requested that I, John Bumphus, be exempted from mandatory overtime that requires heavy lifting. Upon receipt of the statement, Defendant Krista Findlay said that she would "pass it on to corporate", and get back to me with their position "by the end of the day". Later that afternoon, Defendant Krista Findlay notified me that the statement "would be placed in my file", and offered no further comment.

12. I have no disciplinary records for my entire employment with Defendant UniQue Personnel Consultants.

FIRST EMPLOYMENT DISCRIMINATION COMPLAINT FOR DAMAGES UNDER TITLE VII, THE AMERICANS WITH DISABILITIES ACT, THE GENETIC INFORMATION NONDISCRIMINATION ACT, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, UNLAWFUL DISCHARGE FROM EMPLOYMENT, RETALIATION, AND THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - 4

13. On July 28, 2015, I presented a filed 6-page informal discrimination complaint to the Defendant UniQue Personnel Consultants' Glen Carbon, Illinois office. I also presented individual sealed-envelope copies of the complaint to Defendant Krista Findlay, Dana Felton, and Donna May. I have received no response or comment regarding my informal complaint from Defendant UniQue Personnel Consultants, Defendant Krista Findlay, or either of the two other recipients of that written communication.

14. On August 6, 2015, I filed a federal joint EEOC/Illinois Department of Human Rights Charge of Discrimination, which stated in its content my belief that I had been discriminated against based on my disability, in that I was granted, and then subsequently denied, as a disabled employee with a medical history of Post-Traumatic Stress Disorder (PTSD), a reasonable accommodation, before subsequently being discharged, and then terminated from employment, in violation of my civil rights under The Americans with Disabilities Act as amended.

15. On August 14, 2015, the I filed an Illinois Workers' Compensation Commission claim #15WC027577, I personally hand-delivered and presented another of complaint letter to David Scheibel, Defendant UniQue Personnel Consultants, Inc., corporate "workers' compensation specialist", at the UniQue Personnel corporate offices in Troy, Illinois. This letter of complaint detailed how, that aside from the Defendant UniQue Personnel Consultants' Glen Carbon, Illinois, office's August 13, 2015, declination, failure and refusal to accept, and/or assist me in the proper filing of my notice of workplace injury, that the Defendants' corporation was also blatantly in clear violation of 820 ILCS 305 Section 6(a): Workplace Notice, as well.

16. On September 9, 2015, the Defendant UniQue Personnel Consultants, through their attorney Defendant Andrew G. Toennies, of Lashly & Baer, P.C., of St. Louis, Missouri, knowingly filed a false statement in response to my August 6, 2015 joint EEOC/Illinois Department of Human Rights Charge of Discrimination, wherein defendant  UniQue Personnel Consultants "Supervising Consultant" Krista Findlay falsely declared that I had "indicated on his (my) application that he (I) had no physical restrictions, whereas there is, clearly, no such indication whatsoever in any of my June 11, 2015, job application paperwork documentation.

FIRST EMPLOYMENT DISCRIMINATION COMPLAINT FOR DAMAGES UNDER TITLE VII, THE AMERICANS WITH DISABILITIES ACT, THE GENETIC INFORMATION NONDISCRIMINATION ACT, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, UNLAWFUL DISCHARGE FROM EMPLOYMENT, RETALIATION, AND THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - 5

17. On November 23, 2015, I was victimized, and illegally bullied as an unrepresented, disabled, injured worker with a medical history of Post-Traumatic Stress Disorder, in what was a jointly undertaken criminal conspiracy activity, pursuant to Section 1 B1.3(a)(1)(b) (Relevant Conduct (*Factors that Determine the Guideline Range*)) of the Judiciary and Judicial Procedure Standards of the United States Sentencing Commission (28 U.S.C. Section 994(a)), which was orchestrated, and perpetrated, by Defendant Attorney Jennifer Katherine Yates-Weller #2795, who is of, and is a partner with Defendant Hennessy & Roach, P.C., of St. Louis, Missouri, on behalf of Defendant UniQue Personnel Consultants, and also on behalf of their Workers' Compensation insurer, Defendant Synergy Coverage Solutions L.L.C., as she knowingly created, presented, fraudulently signed and personally affirmed for Proof of Service as an attorney, two (2) forged Subpoenas Duces Tecum, under the auspices and in clear violation of Chapter II §7030.50- Subpoena Practice, 50 ILLINOIS ADMINISTRATIVE CODE, Illinois Workers' Compensation Rules Governing Practice by U.S. Mail, to myself, to Dr. Yablonsky at Associated Physicians Group in Edwardsville, Illinois, and to Dr. Baig at Wellspring Resources in Alton, Illinois which is now known as Centerstone, in an effort to illicitly gain unauthorized access to my personal medical records, so as to attempt to avoid the payment of my Illinois Workers' Compensation benefits, and under Section §17-3. Forgery, of the Illinois Compiled Statutes, which recognizes forgery as a Class 3 felony.

Based on the foregoing, I, John D. Bumphus, Jr., hereby allege that the collective Defendants have discriminated against me based on my:

**Race** (Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. Section 2000e-5)

**Age** (The Age Discrimination in Employment Act, 29 U.S.C. Section 621)

**Disability** (The Americans with Disabilities Act, 42 U.S.C. Section 12101)

**Genetic Information** (Genetic Information Nondiscrimination Act, Pub. L. 110-233, 122 Stat. 881, enacted May 21, 2008), and are culpable for having also committed against me the torts of

**Unlawful Discharge from Employment,**

**Retaliation, and**

**The Intentional Infliction of Emotional Distress**, with malice and reckless indifference.

## IV. FACTS IN SUPPORT OF CLAIM

1.  The Plaintiff has been, years before his June 11, 2015 initial interview for employment began at UniQue Personnel Consultants of Glen Carbon, Illinois, officially designated and acknowledged, by way of the Social Security Administration, to be a disabled person living with the history of having had the generalized anxiety disorder psychological symptoms of a Post-Traumatic Stress Disorder (PTSD). As of January 20, 2015, five months before he became employed by the respondent, it was noted in his Axis III Diagnosis, by his treating psychiatrist Mirza Baig, M.D., of Centerstone/Wellspring Resources in Alton, Illinois, that the acute medical conditions and physical disorders he lives with, which might impact on his psyche, include mild obesity, sleep apnea, heart attack, ruptured aorta, hypertension, spinal stenosis, hernia surgery on the right side, and problems with his kidney function.

2.  When the plaintiff initially interviewed for employment (on June 11, 2015) with Defendant UniQue Personnel Consultants, he personally informed the interviewer that he did not want to work at any job which did not pay at least $10 per hour. On the morning of June 17, 2015, the plaintiff was telephonically contacted by UniQue on June 17, 2015, and after having been criminal background screened, checked and researched by Precise Hire, of McKinney, Texas, before then being subsequently drug screened by Defendant UniQue Personnel Consultants at their Glen Carbon, Illinois office, he was offered a position which paid him $10.50 per hour, which was working as an operator on the 3rd shift Production Wiring Rework Tables, at the YAZAKI Warehouse in Edwardsville, Illinois.

3.  On June 21, 2015, which was the plaintiff's very first night of employment for Defendant UniQue Personnel Consultants at the YAZAKI Warehouse in Edwardsville, Illinois, he spoke directly to the Defendant UniQue Personnel's On Site Coordinator, Dana Felton, and informed her that if his "crew" of two people was not keeping up with the pace of production with the other tables loading one particularly large, and somewhat awkward, car component into the designated crates, it was because he has a rod and two pins in his lower back, due to a 2006 spinal fusion surgery, and that the bending, straining, and lifting was causing discomfort to his back at the point which he perceived to be the (L4-5) point of that surgery.

4.  On July 2, 2015, after having worked though the first nine days of employment at a productive pace, on Production Wiring Rework Table tasks which did not cause discomfort to his (L4-5) spinal area, the plaintiff was informed by Defendant UniQue Personnel Consultants Shift Supervisor "Darron", that since he was "already getting paid for it" (at the rate of $10.50 per hour), the beginning of his next (third) work week (beginning July 5, 2015), would be spent training to be a lead product coordinator, or "LPC". Accordingly, during that third week of working the 3rd shift at the YAZAKI Warehouse in Edwardsville, Illinois for Defendant UniQue Personnel Consultants, from Sunday night, July 5, 2015, until Friday morning, July 10, 2015, the plaintiff successfully accomplished the functioning

FIRST EMPLOYMENT DISCRIMINATION COMPLAINT FOR DAMAGES UNDER TITLE VII, THE AMERICANS WITH DISABILITIES ACT, THE GENETIC INFORMATION NONDISCRIMINATION ACT, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, UNLAWFUL DISCHARGE FROM EMPLOYMENT, RETALIATION, AND THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - 7

1   requirements of LPC training without any excessive or intrusive job-pace restrictive accommodations.
2   The requirements of his LPC training did not at any time require that he resume the initial bending,
3   straining, and lifting task which had caused the discomfort to his back during his inaugural June 21,
4   2015, working shift as an operator on the Production Wiring Rework Tables, at the YAZAKI
    Warehouse in Edwardsville, Illinois.
5       5.   On Sunday, July 12, 2015, in anticipation of beginning his fourth week of working the 3rd shift at the
6            Yazaki warehouse in Edwardsville, IL for UniQue Personnel Consultants, the plaintiff arrived at the
7            job-site shortly after 10 p.m. After waiting a while, and not getting in to the warehouse, he called and
8            left a message for UniQue Personnel Yakazi Site Coordinator Dana Felton on her personal cellphone
9            number. Shortly thereafter, Coordinator Felton returned his call and informed him that the 3rd shift had
10           been dropped as of Friday, July 10, 2015, and that "someone should have called" him with that
11           information after he had picked up his check at the Unique office that day. After the plaintiff inquired
12           as what that occurrence would do to his employment status, Ms. Felton informed him that he could
13           move to either 1st or 2nd shift at the Yazaki warehouse. When he asked if it would be at the same rate of
14           pay ($10.50 per hour), Ms. Felton stated that the rate he was currently receiving included a 50 cent
15           shift differential, which would be reduced to $10.25 for the 2nd shift, and to $10.00 per hour for 1st shift.
16           The plaintiff then told her that I would prefer the 2nd shift 25 cent reduction, and then asked if it would
17           be for the same LPC training. She informed him that it would be, and that he would be continuing his
18           development as an LPC at Yazaki.
19      6.   On July 13, 2015, at the end of the plaintiff's first 2nd shift tour of working, as an LPC at the Yazaki
20           warehouse in Edwardsville, IL for UniQue Personnel Consultants, after having stood upright, and on
21           his feet the entire shift, he was confronted by UniQue Personnel 2nd Shift Supervisory employee Donna
22           May, who abruptly greeted him with, "Welcome to 2nd shift, we've got mandatory overtime here!" No
23           one during his brief relationship with UniQue, or at the Yazaki warehouse, had ever said anything to
24           him about mandatory overtime being a requirement of employment. Nevertheless, he acquiesced and
25           initially assisted in the collective tasks of completing some uncompleted after-hours crate loading left
26           over by another crew. However, after about an hour of pushing himself, while doing the same sort of
27           Production Wiring Rework Table tasks of bending, straining, and lifting the exact same component car
28           part which had caused the discomfort to his back during his inaugural, June 21, 2015, 3rd shift tour at
29           the warehouse, he subjectively felt that a clear and absolute return of his lower back pain, which he
30           noted in the region near the site of his 2006 spinal fusion surgery, indicated that he should stop
31           immediately. He spoke directly to 2nd shift UniQue Personnel Consultants' Supervisor Donna May,
             and informed her of the conversation regarding his back which he had with 3rd shift UniQue Personnel
             Consultants' Supervisor Dana Felton on his initial, June 21, 2015 night of 3rd shift work at Yazaki.
             Supervisor Donna May was not pleased that he was leaving, and she informed the plaintiff that she

32   FIRST EMPLOYMENT DISCRIMINATION COMPLAINT FOR DAMAGES UNDER TITLE VII, THE
     AMERICANS WITH DISABILITIES ACT, THE GENETIC INFORMATION NONDISCRIMINATION ACT,
     THE AGE DISCRIMINATION IN EMPLOYMENT ACT, UNLAWFUL DISCHARGE FROM EMPLOYMENT,
     RETALIATION, AND THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - 8

"would have to talk this over with (Supervisor) Dana (Felton)". The plaintiff's reply was, "That sounds fair."

7.  The next morning, Tuesday, July 14, 2015, after not getting his former UniQue Personnel Consultants 3rd Shift Supervisor Dana Felton by her cellphone, the plaintiff called the Glen Carbon, IL, office of UniQue Personnel Consultants and spoke with "Jamie", to whom he expressed his mandatory-overtime, lower-back-pain, dilemma. Jamie directly referred him to Krista Findlay, to whom I also retold the story of the previous night's event. Krista Findlay right then and there informed the plaintiff that she knew nothing of any UniQue employee ever being forced into ANY "mandatory overtime" situation, and that for anyone to push at him to "work through" an acknowledged pain from a previous surgery was, also "unacceptable". Ms. Findlay then assured him that she would "speak with" Dana, and then went on to assure him that regarding having to explain his back pain issue, that "it won't happen again".

8.  During the plaintiff's sole week of 2nd shift LPC work at the Yazaki warehouse for UniQue Personnel Consultants, beginning Monday, July 13, 2015, he serviced and audited one table on Monday, two tables on Tuesday, July 14, 2015, three tables on Wednesday, July 15, 2015, and two tables again on Thursday, July 16, 2015. On Tuesday and Wednesday, the plaintiff stayed after shift to ensure the correctness of his table auditing sheets. At the end of the evening on Thursday, July 16, 2015, however, a part was actually misplaced from one of the cartons and into another one. The "hunting down" of the "lost part" took over an hour for the plaintiff, and the YAZAKI warehouse contact person/table supervisor, "Dan" to effectively locate. As he was then and subsequently preparing to gather his belongings for his departure from work, he was once again confronted by UniQue Personnel Consultants 2nd shift Supervisor Donna May, who once again intimidatingly attempted to taunt and question him about the validity of his 2006 spinal-fusion surgery, lower back condition, as to if he was leaving his fellow employees again while there was mandatory overtime to do.

9.  On July 14, 2015, while working as a second shift LPC, at the YAZAKI warehouse, in Edwardsville, Illinois, the plaintiff received a reasonable accommodation by telephone from Krista Findlay, the Human Resources Manager/office agent for respondent UniQue Personnel Consultants' Glen Carbon, Illinois, office, regarding an unscheduled overtime assignment which consisted of a forced repeat performance of a Production Wiring Rework Table operator task, which was the loading of a large, and somewhat awkward, car component into the designated crates, due to the fact that the plaintiff has a rod and two pins in his lower back, from a 2006 spinal fusion surgery, and the bending, straining, and lifting was causing discomfort to his back at the point which he perceived to be the (L4-5) point of that surgery.

10. On July 17, 2015, Krista Findlay, the Human Resources Manager/office agent for respondent UniQue Personnel Consultants' Glen Carbon, Illinois, office, abruptly rescinded, without explanation, the

FIRST EMPLOYMENT DISCRIMINATION COMPLAINT FOR DAMAGES UNDER TITLE VII, THE
AMERICANS WITH DISABILITIES ACT, THE GENETIC INFORMATION NONDISCRIMINATION ACT,
THE AGE DISCRIMINATION IN EMPLOYMENT ACT, UNLAWFUL DISCHARGE FROM EMPLOYMENT,
RETALIATION, AND THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - 9

aforementioned reasonable accommodation granted to the plaintiff just three days earlier. The plaintiff, at that time, presented Krista Findlay with personal and private medical documentation which he had requested and obtained that very morning from his primary care physician, David Yablonsky, D.O., of Associated Physicians Group, in Maryville, Illinois, in an effort to point out, for her, the "anterior and posterior fusion instrumentation" within his L4-5 vertebrae, along with presenting her a copy of his 2014 book "Necessary Candor", wherein he underlined and discussed with her the passages in pages 80 & 81 which acknowledged his ongoing psychological treatment, as a disabled employee, for having had the generalized anxiety disorder psychological symptoms of a Post-Traumatic Stress Disorder (PTSD). Nevertheless, Krista Findlay thereby unlawfully dismissed the plaintiff from employment with Defendant UniQue Personnel Consultants, with the caveat that unless he present to her, a signed physician's statement, "on their office stationary", which medically substantiated his claims, his complaints "cannot be officially considered by corporate". On Thursday morning, July 23, 2015, the plaintiff presented to Krista Findlay of respondent UniQue Personnel Consultants, a signed and written statement from Associated Physician's Group in Edwardsville, IL, which requested that the plaintiff, John Bumphus, be exempted from mandatory overtime that involves heavy lifting. Upon receipt of the statement, Ms. Findlay said that she would "pass it on to corporate", and get back with the plaintiff, with their position "by the end of the day". Later that afternoon, Ms. Findlay notified him that the statement "would be placed in (his) file", and offered no further comment.

11. The plaintiff suffered an immediate, incomprehensible, severe emotional shock on July 17, 2015, as an appropriate, reasonable-person response to the unexplained arbitrary reversal of the July 14, 20015, reasonable accommodation afforded him, before being summarily dismissed from employment by Respondent UniQue Personnel Consultants' Human Resources Manager/office agent Krista Findlay, which has resulted in a mental-mental injury, caused by the overt, unreasonable, unlawful exacerbation and torment of his existing, medically-acknowledged, posttraumatic stress disorder psychological condition.

12. On August 6, 2015, the plaintiff filed an EEOC/Illinois Department of Human Rights Charge of Discrimination, which stated in its content his belief that he had been discriminated against based on his disability, in that he was granted, and then subsequently denied, as a disabled employee with a history of Post-Traumatic Stress Disorder (PTSD), a reasonable accommodation before subsequently being discharged and then terminated from employment in violation of his civil rights under The Americans with Disabilities Act as amended. In a September 9, 2015 filing by the Defendant here of their "PETITION STATEMENT OF UNIQUE PERSONNEL CONSULTANTS, INC. TO NOTICE OF CHARGE OF DISCRIMINATION FILED BY JOHN BUMPHUS" prepared in response to the plaintiff's EEOC charge, which was presented to the IllinoisDepartment of Human Rights, by attorney Defendant Andrew G. Toennies, of Lashly & Baer, P.C., of St. Louis, Missouri, Defendant UniQue

FIRST EMPLOYMENT DISCRIMINATION COMPLAINT FOR DAMAGES UNDER TITLE VII, THE AMERICANS WITH DISABILITIES ACT, THE GENETIC INFORMATION NONDISCRIMINATION ACT, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, UNLAWFUL DISCHARGE FROM EMPLOYMENT, RETALIATION, AND THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - 10

Personnel Consultants "Supervising Consultant" Defendant Krista Findlay falsely and deliberately declared that the plaintiff had "indicated on his application that he had no physical restrictions", whereas there is, clearly, no such indication whatsoever in any of his June 11, 2015, job application paperwork documentation.

13. On November 23, 2015, the plaintiff was victimized, and illegally bullied as an unrepresented, disabled, injured worker with a medical history of Post-Traumatic Stress Disorder, in what was a jointly undertaken criminal conspiracy activity, pursuant to Section 1 B1.3(a)(1)(b) (Relevant Conduct (*Factors that Determine the Guideline Range*)) of the Judiciary and Judicial Procedure Standards of the United States Sentencing Commission (28 U.S.C. Section 994(a)), which was orchestrated, and perpetrated, by respondent Attorney Jennifer Katherine Yates-Weller #2795, who is of, and is a partner with Defendant  Hennessy & Roach, P.C., of St. Louis, Missouri, on behalf of respondent UniQue Personnel Consultants, and also on behalf of their Workers' Compensation insurer, Synergy Coverage Solutions L.L.C., as she knowingly created, presented, fraudulently signed and personally affirmed for Proof of Service as an attorney, two (2) forged Subpoenas Duces Tecum, under the auspices and in clear violation of Chapter II §7030.50-Subpoena Practice, 50 ILLINOIS ADMINISTRATIVE CODE, Illinois Workers' Compensation Rules Governing Practice by U.S. Mail, to myself, to Dr. Yablonsky at Associated Physicians Group in Edwardsville, Illinois, and to Dr. Baig at Wellspring Resources in Alton, Illinois which is now known as Centerstone, in an effort to illicitly gain unauthorized access to my personal medical records, so as to attempt to avoid and delay the payment of my Illinois Workers' Compensation benefits, and under Section §17-3. Forgery, of the Illinois Compiled Statutes, which recognizes forgery as a Class 3 felony.

## V. REQUEST FOR RELIEF

Based on the foregoing, Plaintiff seeks the following relief:

a.   An award of back pay

b.   Costs of suit

c.   An award of money damages

d.   Punitive damages

Signed on: _March 22, 2016_

(date)                                        Signature of Petitioner

FIRST EMPLOYMENT DISCRIMINATION COMPLAINT FOR DAMAGES UNDER TITLE VII, THE AMERICANS WITH DISABILITIES ACT, THE GENETIC INFORMATION NONDISCRIMINATION ACT, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, UNLAWFUL DISCHARGE FROM EMPLOYMENT, RETALIATION, AND THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - 11

221 S. Myrtle

Street Address

John D. Bumphus Jr.

Printed Name

Edwardsville Il 62025-1510

City, State, Zip

pro se

Signature of Attorney (if any)

FIRST EMPLOYMENT DISCRIMINATION COMPLAINT FOR DAMAGES UNDER TITLE VII, THE
AMERICANS WITH DISABILITIES ACT, THE GENETIC INFORMATION NONDISCRIMINATION ACT,
THE AGE DISCRIMINATION IN EMPLOYMENT ACT, UNLAWFUL DISCHARGE FROM EMPLOYMENT,
RETALIATION, AND THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - 12