IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DAN BUMPHUS, JR., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNIQUE PERSONNEL CONSULTANTS,)<br>KRISTA FINDLAY, JENNIFER)<br>KATHERINE YATES-WELLER,)<br>HENNESSY AND ROACH, P.C., ANDREW)<br>G. TOENNIES, and SYNERGY COVERAGE)<br>SOLUTIONS L.L.C., )<br>)<br>    Defendants. ) | Case No. 3:16-cv-312-SMY-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

On September 20, 2016, a discovery dispute conference was held in which Plaintiff appeared *pro se* along with attorneys Rahimi, Gamboa, and Reed for their respective clients, and attorney Toennies, on behalf of himself.  Plaintiff disputes various responses to interrogatories served upon Defendants around August 8, 2016 and a second set of interrogatories served around August 30, 2016.

As to the interrogatories served upon Defendant Toennies, Plaintiff is **GRANTED** leave to re-serve interrogatories 1, 3, and 6, provided that they are re-written so as to be clear and concise. Plaintiff is directed to simply set forth his question and to avoid unnecessary and argumentative phrases like "[a]s a member of the bar" and "why you chose to make a false representation." Plaintiff shall re-serve these three interrogatories by **September 28, 2016** and Defendant shall respond by October 12, 2016.  Defendant Toennies shall re-serve the letter dated September 9, 2015 identified in the response to interrogatory 4 and shall perform an additional search for any

additional responsive documents to interrogatory 5. The September 9, 2015 letter and any additional responsive documents shall also be served by **October 12, 2016**.

The Court finds that Plaintiff's second set of interrogatories (## 7-8) directed at attorney Toennies to be wholly improper and no response is required.

Plaintiff also objects to Defendant Yate-Wellers objection regarding the characterization of his disabled status. In response to interrogatory 1, Defendant states that she "objects to the characterization of Plaintiff as 'disabled' on the bases that said characterization is argumentative and improper . . . ." The Court finds that this is a valid objection because, notwithstanding the evidence that Plaintiff may have regarding his disabled status, such a fact has not been established in this case at this time.

Plaintiff indicated that he had no further issues with these Defendants' remaining responses or the other responses tendered by the other Defendants. The parties are encouraged to contact chambers if any further discovery disputes arise, provided that they first meet and confer in an effort to resolve the problem(s) prior to seeking judicial intervention.

**IT IS SO ORDERED**

**DATED: September 21, 2016**

　　　　　　　　　　　　　　　　　　　　　　**DONALD G. WILKERSON**
　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**