IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DAN BUMPHUS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-312-SMY-SCW |
| | ) |
| UNIQUE PERSONNEL CONSULTANTS, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the motions to dismiss filed by Defendants Synergy Coverage Solutions, L.L.C. (Doc. 13), Jennifer Katherine Yates Weller and Hennessy & Roach, P.C. (Doc. 23), Andrew Toennies (Doc. 26), and UniQue Personnel Consultants, Inc. (Doc. 38). Plaintiff filed responses to each motion (Docs. 25, 27, 37 and 42). For the reasons discussed below, the motions filed at Docs. 13, 23 and 26 are **GRANTED** in their entirety; the motion filed at Doc. 38 is **GRANTED** in part and **DENIED** in part.

Plaintiff John Bumphus filed the instant lawsuit *pro se* against UniQue Personnel Consultants, Inc., ("Unique"), Krista Findlay, Jennifer Katherine Yates-Weller, Hennessy & Roach, P.C., ("Hennessy & Roach"), Andrew G. Toennies, and Synergy Coverage Solutions, L.L.C. ("Synergy") alleging violations of Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), the Genetic Information Nondiscrimination Act ("GINA"), and asserting unlawful discharge

1

from employment, retaliation, and intentional infliction of emotional distress under Illinois state law (Doc. 2).

## The Complaint

Plaintiff John Bumphus sets forth the following facts and allegations in his Complaint. Bumphus suffers from symptoms of PTSD and "acute medical conditions and physical disorders," including "mild obesity, sleep apnea, heart attack, ruptured aorta, hypertension, spinal stenosis, hernia surgery on the right side and problems with [my] kidney function." *Id.* at ¶ 8. On June 21, 2015, he began his employment with Defendant UniQue as a machine operator, working the third shift. He was promoted to lead product coordinator on July 5, 2015. The third shift was subsequently discontinued and Bumphus worked as a lead product coordinator on the second shift from July 13, 2015 until July 16, 2015.

On July 14, 2015, Bumphus was given an unscheduled overtime assignment, which he was told was mandatory for second shift workers. The assignment involved work that caused Bumphus back pain, so he received a reasonable accommodation from Krista Findlay, UniQue's human resources manager. Before speaking with Findlay, Bumphus also spoke to his supervisors, Donna May and Dana Felton.

On July 17, 2015, Findlay rescinded the work accommodation. In response, Bumphus provided her with medical documentation and a copy of "*Necessary Candor*," a book that Bumphus authored and that recounts many of his physical difficulties. Findlay advised Bumphus that in order to have the accommodation reinstated, he needed to submit a signed statement on a physician's stationery. He was terminated around this time.

On July 23, 2015, Bumphus produced a statement from his doctor's office, requesting that he be exempted from mandatory overtime that required heavy lifting. Findlay stated that she

would "pass it on to corporate" and would let him know of their decision by the end of the day. Findlay did not follow up with Bumphus that day. Bumphus submitted a written complaint to UniQue on July 28, 2015, and provided copies to Findlay, May and Felton.

On August 6, 2015, Bumphus filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"), asserting disability discrimination in violation of the Americans with Disabilities Act against UniQue (Doc. 38-1).[1] Bumphus received a Notice of Right to Sue from the EEOC on or about December 23, 2015.

On August 17, 2015, Bumphus filed a Worker's Compensation action against UniQue. Defendant Jennifer Katherine Yates-Weller, who is associated with Defendant Hennessy & Roach, was the attorney for Defendant Synergy, UniQue's Worker's Compensation insurer. On November 23, 2015, Yates-Weller issued subpoenas *duces tecum* to two medical offices. Bumphus alleges that she did so fraudulently, in furtherance of a conspiracy, and in violation of the law governing the issuance of subpoenas.

Bumphus invokes the Court's federal question jurisdiction under 28 U.S.C. Section 1331, and asserts the defendants are liable for violations of Title VII of the Civil Rights Act of 1967, the Age Discrimination in Employment Act, the American with Disabilities Act, the Genetic Information Nondiscrimination Act, and for unlawfully discharging him and subjecting him to the intentional infliction of emotional distress under Illinois law.

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of Plaintiff's EEOC/IDHR Charge of Discrimination (Nos. 161216-010 (IDHR) 560-2015-01744 (EEOC)).

**Discussion**

**Defendants Synergy, Yates-Weller, Hennessey & Roach, and Toennies**

A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a district court's subject-matter jurisdiction over the action in question. Fed. R. Civ. P. 12(b)(1). It is "fundamental that if a court is without jurisdiction of the subject matter it is without power to adjudicate and the case [must] be properly disposed of only by dismissal of the complaint for lack of jurisdiction." *Stewart v. United States,* 199 F.2d 517, 519 (7th Cir. 1952).

Moreover, a court's lack of subject-matter jurisdiction is a defense that cannot be waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). If subject-matter jurisdiction is challenged, the party seeking to invoke jurisdiction bears the burden of supporting his or her jurisdictional allegations by "competent proof." *Grafon Corp. v. Hausermann,* 602 F.2d 781,783 (7th Cir. 1979). "'Competent proof'…has been interpreted to mean a preponderance of the evidence or proof to a reasonable probability that jurisdiction exists." *NLFC, Inc. v. Devcom Mid-America, Inc.,* 45 F.3d 231, 237 (7th Cir. 1995). Defendants Synergy, Yates-Weller, Hennessey & Roach, and Toennies each assert that this Court lacks subject matter jurisdiction over Plaintiff's claims and that dismissal is required under *F.R.C.P.* 12(b)(1).

Synergy argues that the numerous federal employment statutes Bumphus cites in his Complaint do not apply to it as the only allegation Bumphus makes against it is that its attorney "illegally" issued subpoenas while defending a Workers Comp claim. Synergy's point is well taken.

While Bumphus' asserts the defendants collectively violated Title VII of the Civil Rights Act of 1967, the Age Discrimination in Employment Act, the American with Disabilities Act,

and the Genetic Information Nondiscrimination Act, he does so only in conclusory fashion. His Complaint is devoid of any allegations connecting Synergy's conduct in issuing subpoenas to these statutes. As such, the Complaint fails to invoke this Court's subject matter jurisdiction as to Plaintiff's claims against Synergy, and Synergy's Motion to Dismiss (Doc. 13) must be GRANTED pursuant to F.R.C.P. 12(b)(1).

Likewise, this Court lacks subject matter jurisdiction over the claims asserted against Defendants Yates-Weller, Hennessy & Roach. In his Complaint, Plaintiff alleges:

> " On November 23, 2015, the plaintiff was victimized, and illegally bullied as an unrepresented, disabled, injured worker with a medical history of Post-Trawnatic Stress Disorder, in what was a jointly undertaken criminal conspiracy activity, pursuant to Section 1 Bl.3(a)(1)(b)…of the Judiciary and Judicial Procedure Standards of the United States Sentencing Commission (28 U.S.C. Section 994(a)), which was orchestrated, and perpetrated, by respondent Attorney Jennifer Katherine Yates-Weller #2795, who is of, and is a partner with Defendant Hennessy & Roach, P.C., of St. Louis, Missouri, on behalf of respondent UniQue Personnel Consultants, and also on behalf of their Workers' Compensation insurer, Synergy Coverage Solutions L.L.C., as she knowingly created, presented, fraudulently signed and personally affirmed for Proof of Service as an attorney, two (2) forged Subpoenas Duces Tecum, under the auspices and in clear violation of Chapter II§7030.50-Subpoena Practice, 50 ILLINOIS ADMINISTRATIVE CODE, Illinois Workers' Compensation Rules Governing Practice by U.S. Mail, to myself, to Dr. Yablonsky at Associated Physicians Group in Edwardsville, Illinois, and to Dr. Baig at Wellspring Resources in Alton, Illinois which is now known as Centerstone, in an effort to illicitly gain unauthorized access to my personal medical records, so as to attempt to avoid and delay the payment of my Illinois Workers' Compensation benefits, and under Section §17-3. Forgery, of the Illinois Compiled Statutes, which recognizes forgery as a Class 3 felony." (Doc. 2, page 11, paragraph 13).

These allegations fail to implicate the protections of Title VII of the Civil Rights Act of 1967, the Age Discrimination in Employment Act, the American with Disabilities Act, and the Genetic Information Nondiscrimination Act, and therefore fail to invoke subject matter jurisdiction. Accordingly, the Motion to Dismiss filed by Defendants Yates-Waller and Hennessey & Roach (Doc. 23) is also **GRANTED** pursuant to Rule 12(b)(1).

As to Defendant Toennies, an attorney who defended UniQue on Plaintiff's EEOC charge, Plaintiff alleges only that he "… falsely and deliberately declared that the plaintiff had 'indicated on his application that he had no physical restrictions.'" (Doc. 2, page 11, paragraph 12). There are no allegations that Toennies or his law firm employed Plaintiff, or subjected Plaintiff to an adverse employment action based on his race, age, disability, or genetic information.

Again, Plaintiff merely asserts that the defendants collectively violated the federal statutes in question, which is insufficient to invoke federal question jurisdiction. Because this Court lacks subject matter jurisdiction as to Plaintiff's asserted claims against Defendant Toennies, his Motion to Dismiss (Doc. 26) is GRANTED pursuant to Rule 12(b)(1).

### Defendants UniQue Personnel Consultants, Inc. and Krista Findlay

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all facts alleged in the Complaint and construes all reasonable inferences in favor of the plaintiff. *Savory v. Lyons,* 469 F.3d 667, 670 (7th Cir. 2006). To state a claim upon which relief may be granted, a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that when "accepted as true ... state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. The pleading standard for a *pro se* plaintiff is

"considerably relaxed." *Luevano v. Wal-Mart Stores*, 722 F.3d 1014, 1027 (7th Cir. 2013) (citations omitted).

In support of their motion, Defendants UniQue and Findlay argue:

(1) By filing an EEOC charge that only claimed discrimination based on disability, Bumphus has forfeited his right to pursue relief under Title VII, ADEA, and GINA;
(2) Bumphus has failed to set forth the elements of an ADA claim;
(3) Because the federal discrimination statutes do not provide for individual liability, Defendant Findlay must be dismissed;
(4) The dismissal of the federal claims extinguishes any basis for jurisdiction over the state claims; or, alternatively,
(5) The state law causes of action should also be dismissed for failing to state claims;
(6) Because Bumphus, who has been found indigent, fails to state a claim upon which relief may be granted and his suit is frivolous, dismissal is proper pursuant to 28 U.S.C. § 1915(e)(2)(B);
(7) Due to a previous substantial judgment in his favor, Bumphus is not indigent.

In response, Bumphus submitted an accounting of his health history and his interactions with Defendants. Though his response is voluminous, it is minimally responsive to Defendants' legal arguments.

As an initial matter, the Court dismisses the claims against Findlay for violations of Title VII, the ADA, the ADEA, and GINA. It is well-settled that Title VII, the ADA, and ADEA do not impose liability upon individual employees, but rather employers. *Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995)(discussing principle in regard to Title VII and ADA claims); *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 (7th Cir. 2001)("We have suggested that there is no individual liability under the ADEA. *See Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 52 n. 2 (7th Cir.1995); *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 n. 2 (7th Cir.1995)."). Therefore, Findlay cannot be held individually liable under these statutes. Relatedly, because GINA incorporates Title VII's definition of "employer" (42 U.S.C. §

2000ff(2)(B)(i)), the Court finds that it also prohibits the imposition of individual liability. Accordingly, Plaintiff's claims against Defendant Krista Findlay are **DISMISSED with prejudice** for failure to state a claim on which relief may be granted.

### *Failure to Exhaust*

Ordinarily, a plaintiff may only pursue a federal discrimination claim that was asserted in an EEOC charge. However, a plaintiff may bring a claim not included in his EEOC charge if the claim is "like or reasonably related" to the EEOC charge and can reasonably be expected to grow out of an EEOC investigation of the charge. *Sitar v. Indiana Dept. of Transp.,* 344 F.3d 720, 726 (7th Cir.2003), *citing Jenkins,* 538 F.2d 164, 167 (7th Cir.1976) (*en banc*). "The EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals.*" *Kersting v. Wal-Mart Stores,* 250 F.3d 1109, 1118 (7th Cir. 2001)(internal citation omitted) (emphasis in original).

Bumphus's EEOC charge (Doc. 38-1) alleges only a violation of his rights under the ADA. It does not mention race, age, or genetic information, and concludes "I believe that I have been discriminated against based on my disability in that I was denied a reasonable accommodation and then terminated in violation of my civil rights under The Americans with Disabilities Act as amended (ADA)." Because the charge fails to describe conduct that may plausibly give rise to a complaint for discrimination based on race, age, or genetic information, Plaintiff failed to exhaust administrative remedies with respect to his claims asserted under Title VII, the ADEA, or GINA. Accordingly, said claims are **DISMISSED with prejudice** pursuant to F.R.C.P. 12(b)(6).

## ADA Claim

In order to plead a viable disability discrimination claim, Plaintiff must allege that he is disabled within the meaning of the ADA, that he is qualified to perform the essential functions of the job, either with or without a reasonable accommodation, and that he suffered from an adverse employment action because of his disability. *Hoppe v. Lewis University,* 692 F.3d 833, 839 (7th Cir. 2012), *citing Nese v. Julian Nordic Const. Co.,* 405 F.3d 638, 641 (7th Cir.2005). A disability is defined as a physical or <u>mental impairment</u> that substantially limits one or more of the major life activities of [an] individual; (b) a record of such an impairment; or (c) being regarded as having such an impairment." *E.E.O.C. v. AutoZone, Inc.*, 630 F.3d 635, 639 (7th Cir. 2010) (emphasis in original).

UniQue asserts Bumphus has not established that he has a disability or that he was terminated because of it. Specifically, Defendant argues that Bumphus has failed to sufficiently allege that any of his claimed disabilities "substantially limit[] a major life activity," *Cassimy v. Bd. of Educ. of Rockford Public Schs., Dist. No. 205*, 461 F.3d 932 (7th Cir. 2006). It contends that the Complaint actually alleges that Plaintiff was terminated because of his failure to document his disability, not due to the disability itself.

Bumphus lists a number of maladies; among them PTSD, serious back issues, and renal problems. According to the Complaint, he received an accommodation for a work assignment that…

> "consisted of a forced repeat performance of a Production Wiring Rework Table operator task, of the loading of a large, and somewhat awkward, car component into the designated crates, due to the fact that I have a rod and two pins in my lower back, from a 2006 spinal fusion surgery, and the bending, straining, and lifting was causing discomfort to my back at the point which I perceived to be the (L4-5) point of that surgery."
> (Doc. 2 at 3-4).

9

Bumphus alleges that the accommodation was "abruptly rescinded," and that he was terminated and told that his complaint would only be considered if he provided substantiation of his back problems from a physician (Doc. 2 at 4). Bumphus also alleges that he complained to several superiors about the effect the overtime had on his back issues, and that he provided a doctor's note, but was not reinstated. Under the federal notice pleading standards, these allegations are sufficient to state a viable claim for ADA discrimination. Therefore, Defendants' motion to dismiss is **DENIED** as to this claim.

### *State Law Claims*

In Illinois, a claim for intentional infliction of emotional distress requires that (1) the conduct to which the plaintiff was subjected was truly extreme and outrageous, (2) the defendant either intended to cause severe emotional distress or acted knowing there was a high probability such distress would result, and (3) the conduct was severe enough to cause emotional distress. *Lewis v. School District #70*, 523 F.3d 730, 746 (7th Cir. 2008). The bar for such a claim is a high one. "'The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it'…[T]he tort does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *McGrath v. Fahey*, 126 Ill. 2d 78, 86, 533 N.E.2d 806, 809 (1988) (quoting Restatement (Second) of Torts § 46, comments *j,* at 77–78 & *d*, at 73 (1965)). Rather, the conduct "must be such that the recitation of facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim 'Outrageous!'" *Van Stan v. Fancy Colours, Co.*, 125 F.3d 563, 567 (7th Cir. 1997). Here, while Defendant and its agents took actions with which Bumphus disagreed, the complaint allegations do not meet the high standard required to suggest outrageous conduct. Therefore, this claim is **DISMISSED**.

The Court also construes the allegations of the Complaint as an attempt to assert a state law cause of action for retaliatory discharge.[2] In order to state a cause of action for retaliatory discharge, the plaintiff must allege that (1) the plaintiff was terminated by the employer, (2) the discharge was in retaliation for action of the employee, and (3) the discharge violates a clear mandate of public policy. *Turner*, 233 Ill. 2d at 500; *Michael v. Precision Alliance Group, LLC*, 2014 IL 117376, ¶ 31. Illinois courts recognized the tort of retaliatory discharge in only two instances: (1) when an employer discharges an employee for making, or planning to make, a claim under the Worker's Compensation Ac; and (2) when the discharge is in retaliation for "whistle-blowing" or reporting illegal or improper conduct against the employer. *Michael*, 2014 IL 117376, ¶ 30.

While Bumphus alleges that he filed a Workers' Compensation Act claim, he did so after he was terminated from his employment. As such, Plaintiff cannot satisfy the second element of a valid cause of action for retaliatory discharge since Defendants could not have terminated him in retaliation for an action he had yet to take. Under the circumstances, there are no set of facts that would allow permit Bumphus to state a colorable claim for retaliatory discharge. Accordingly, this claim will be **DISMISSED with prejudice**.[3]

## CONCLUSION

For the forgoing reasons, the Court **GRANTS** the Motions to Dismiss filed by Defendants Synergy Coverage Solutions, L.L.C. (Doc. 13), Jennifer Katherine Yates Weller and

---

[2] He lists both "retaliation" and "wrongful discharge" as torts for which he is suing, but Illinois' exception to at-will employment, retaliatory discharge, is often referred to as "wrongful discharge." *See Golke v. Lee Lumber & Bldg. Materials Corp.*, 671 F. Supp. 568, 570 n. 1 (N.D. Ill. 1987)("Throughout this opinion, the terms "wrongful discharge" and "retaliatory discharge" will be used interchangeably.")

[3] Because Plaintiff's ADA claim survives dismissal, the Court will not address Defendant's motion to dismiss based on Plaintiff's *in forma pauperis status*.

Hennessy & Roach, P.C. (Doc. 23), and Andrew Toennies (Doc. 26) for lack of subject matter jurisdiction.  Defendant UniQue Personnel Consultants, Inc.'s Motion to Dismiss (Doc. 38) is **GRANTED with prejudice** as to Defendant Krista Findlay for failure to state a claim; **GRANTED** for lack of subject matter jurisdiction with respect to Plaintiff's claims under Title VII of the Civil Rights Act of 1967, the Age Discrimination in Employment Act, and the Genetic Information Nondiscrimination Act; **GRANTED with prejudice** as to Plaintiff's state law claims;  and **DENIED** with respect to Plaintiff's claim under the American with Disabilities Act.

    **IT IS SO ORDERED.**

    **DATED:  March 30, 2018**

    **s/ Staci M. Yandle**
    **STACI M. YANDLE**
    **United States District Judge**